106 F.3d 401
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie D. SLEDGE, Plaintiff-Appellant,
v.
Robin PRATT; Brian Watson; Mauley Wallace; D. Edwards;
Bruce Wood, Defendants-Appellees.
 No. 95-2267.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1996.
 
 Before: WELLFORD, RYAN, and SILER, Circuit Judges.
 
 ORDER
 
 1
 Willie D. Sledge, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Sledge sued multiple prison guards contending that he was improperly placed in punitive segregation prior to being charged with stabbing another prisoner. Following a prison disciplinary hearing, Sledge was found guilty of the charge. Sledge alleged that the evidence did not support the Board's decision, that the hearing officer failed to provide him with adequate notice so he could defend himself, that he was improperly reclassified into administrative segregation following the hearing, that the reclassification was in retaliation for having filed numerous grievances, that he was denied access to the courts while in administrative segregation, and that segregation violated his procedural due process rights.
 
 
 3
 The defendants moved for summary judgment which Sledge opposed. Upon de novo review of a magistrate judge's report, the district court granted summary judgment for the defendants.
 
 
 4
 In his timely appeal, Sledge's brief is construed as arguing that: 1) summary judgment should not have been given until after he was afforded the opportunity for discovery; 2) the evidence did not support the guilty decision; 3) he properly stated a retaliation claim; 4) he was improperly placed in punitive segregation without a hearing; 5) the district court failed to properly consider all the evidence; and 6) he was improperly denied a hearing report.
 
 
 5
 This court's review of an order granting summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 6
 Although Sledge raises numerous arguments in his brief, only the segregation issue requires discussion. A prisoner has no inherent constitutional right to any particular placement or security classification. Olim v. Wakinekona, 461 U.S. 238, 245 (1983). In order for a liberty interest to be established under a state prison regulation, the interest must be limited to freedom from restraint which imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). Unless disciplinary confinement is accompanied by a withdrawal of good-time credits or is for a significant period of time that presents an unusual hardship on the inmate, no liberty interest to be free from disciplinary confinement will be found to exist. Id. at 2301-02. As Sledge was not deprived of any good-time credits as a result of his segregation or the guilty decision, Sledge has failed to prove a constitutional violation. We find Sledge's remaining arguments to be without merit.
 
 
 7
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.